Katherine Hartley (Bar No. 11837)
PACIFIC JUSTICE INSTITUTE
P.O. Box 2131
Coeur d'Alene, ID 83816
khartley@pji.org

*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF IDAHO

| | |
|---|---|
| HEATHER JONES,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF IDAHO DIVISION OF OCCUPATIONAL AND PROFESSIONAL LICENSES; IDAHO REAL ESTATE COMMISSION,<br><br>Defendants. | Case No.<br><br>**VERIFIED COMPLAINT**<br>**[42 U.S.C. § 1983]**<br><br>[Demand for Jury Trial] |

Plaintiff Heather Jones (hereafter "Plaintiff" or "Ms. Jones"), by and through her undersigned counsel, alleges as follows:

### OVERVIEW

1. This is a civil rights action alleging discrimination based on religion.

2. It is brought under 42 U.S.C. § 1983 and the U.S. Constitution.

3. The Plaintiff, Heather Jones, was homeschooled by her parents through high school pursuant to the family's religious beliefs. In the years since she has completed her homeschool education, Ms. Jones has been a successful entrepreneur and small business owner.

4. However, she has recently been penalized by the Defendant state actors and prevented from entering the real estate profession due to her religiously based home education.

JONES VERIFIED COMPLAINT         1

5. Defendants' refusal to recognize Ms. Jones' homeschool diploma and transcript that is in compliance with Idaho law, and their denial of a benefit she is otherwise qualified for, violates the Free Exercise Clause to the First Amendment of the U.S. Constitution.

6. Ms. Jones now sues under 42 U.S.C. § 1983 for Defendants' deprivation under color of state law of her rights secured by the U.S. Constitution. Ms. Jones respectfully asks the Court to grant the relief set forth in the Prayer for Relief.

## PARTIES

7. Ms. Jones is an individual who resides in Idaho.

8. Defendant Idaho Division of Occupational and Professional Licenses ("DOPL") is organized under Idaho Code § 67-2602.

9. Defendant Idaho Real Estate Commission ("IREC") is established under Idaho Code § 54-2005 for the purpose of administering applicable Idaho statutes and is part of the Division of Occupational and Professional Licenses.

## JURISDICTION AND VENUE

10. The Defendants are located within this judicial district and division. All of the events and omissions giving rise to the claims alleged herein occurred in this judicial district and division. Therefore, this Court has personal jurisdiction over the Defendants.

11. Furthermore, venue is proper in this Court and in this division under 28 U.S.C. § 1391(b).

12. This Court has federal question jurisdiction over Plaintiff's claims under 28 U.S.C. §§ 1331, 1343(a)(3). This Court has supplemental jurisdiction over Plaintiff's state law claim under 28 U.S.C. § 1367.

13. This Court has the authority to grant the requested declaratory relief under 28 U.S.C. §§ 2201 and 2202.

14. This Court has the authority to grant the requested damages pursuant to 28 U.S.C. § 1343.

15. This Court has the authority to award attorney's fees under 42 U.S.C. § 1988.

## GENERAL ALLEGATIONS

16. For more than a century, the U.S. Supreme Court has recognized the fundamental constitutional right of parents to direct and control the upbringing of their children.

17. Pursuant to these principles, the State of Idaho authorizes parents to homeschool their children pursuant to Idaho Code § 33-202, where the right of a parent to choose to have a child instructed in public school, or to "cause the child to be privately instructed by . . . his parent" is recognized by statute.

18. Nevertheless, the state of Idaho penalizes homeschool graduates by preventing them from entering the real estate profession.

19. Ms. Jones' home education was provided by her parents in compliance with Idaho law, and upon completion of her high school education she was given a high school diploma and transcript.

20. Her parents made the decision to homeschool for religious reasons.

21. Specifically, it is Ms. Jones parent's sincerely held religious belief that children should be educated at home and with biblical principles being incorporated in that education.

22. Idaho Code § 54-2012(c) states that an applicant for a real estate license must provide "satisfactory proof that the applicant graduated from an accredited high school or its equivalent or holds a certificate of general education."

23. Ms. Jones provided her high school diploma and transcript to the Defendants when applying for a real estate salesperson license.

24. Ms. Jones was denied licensure due to her homeschool diploma and transcript.

25. Idaho law allows parents to educate their children at home. Idaho Code § 33-202.

26. In compliance with this Idaho Code § 33-202, Ms. Jones' parents educated her at home.

27. As with many families who decide to educate their children at home, the motivation to provide Ms. Jones with a home education was religiously based.

28. Ms. Jones' parents provided her with a high school diploma and transcripts when she completed their home education program.

29. Parent-issued diplomas and transcripts are by far the most common methods of memorializing a homeschool student's completion of high school and are commonly accepted by governmental entities as evidence of high school completion.[1]

30. After high school graduation, Ms. Jones' homeschool education adequately equipped her to go on to own a successful concrete and landscaping business, own a boat and jet ski rental business, remodel and re-sell real estate, and complete the education and training to be a phlebotomist.

31. In April 2025, Ms. Jones applied to receive an Idaho real estate salesperson license from the Defendants. Licensure by the state of Idaho is required in order to enter this profession.

32. On April 29, 2025, Ms. Jones received a letter from DOPL stating that her application for real estate salesperson was deficient because DOPL was "unable to accept a homeschool document," and that she must provide "an official high school or college diploma" and transcripts.

33. The letter further went on to say that "the homeschool documents provided are

---

[1] For example, the U.S. Department of Education accepts parent certification of homeschool programs for federal financial aid purposes. The U.S. Department of Defense also accepts proof of completion by the student's parents for enlistment into the military. Congress has enacted laws that place the completion of a secondary homeschool program on the same footing as completion of a public secondary program. 20 U.S.C. § 1091(d); 20 U.S.C. § 1070d-36(a).

JONES VERIFIED COMPLAINT                4

insufficient" and that Ms. Jones must prove she was either enrolled in or would meet the homeschool application requirements for Boise State University.[2]

34.  Ms. Jones requested a special consideration waiver, and IREC met on July 15, 2025, to discuss her request and perform an individualized assessment.

35.  In a letter dated July 25, 2025, IREC informed Ms. Jones that her request was denied.

36.  In its explanation of denial, IREC stated that Ms. Jones did not provide evidence of adequate education.

37.  IREC cited Department of Education Rule 8.02.03 which "applies to school districts and charter schools, public school educators, and public school students" and is not relevant to Ms. Jones or IREC in this context.

38.  Ms. Jones provided IREC an "equivalent" of a diploma and transcript from an accredited high school according to Idaho law,[3] but was denied anyway.

39.  Because that denial was not supported by applicable Idaho law, it was arbitrary and therefore shows the discriminatory nature of that denial.

40.  Ms. Jones cannot take the examination to receive a certificate of general education, because she would have to affirm that she did not graduate high school. She in fact graduated high school in compliance with Idaho law.

41.  Ms. Jones has met all other requirements to obtain a real estate salesperson license including all specific real estate salesperson coursework and examinations as required in Idaho Code § 54-2022, demonstrating that she is competent and properly educated to hold such license.

---

[2] Ms. Jones in fact could submit her homeschool transcript for admission to Boise State University. https://www.boisestate.edu/admissions/apply/nonresident/#homeschoolunaccredited-high-school (accessed September 18, 2025).
[3] *See*, Idaho Code § 54-2012(c) and Idaho Code § 33-202.

JONES VERIFIED COMPLAINT                5

42.   Ms. Jones has been irreparably harmed by deprivation of her constitutional rights, as the loss of free exercise rights even for minimal periods of time amounts to irreparable harm.

43.   It is always in the public interest to prevent the violation of a party's constitutional rights. The result of state hostility toward and disapproval of an individual's religious beliefs is stigmatizing and damaging.

44.   Such discrimination also causes economic hardship when Ms. Jones cannot reap the many economic benefits of holding a professional license.

45.   Ms. Jones wishes to obtain her real estate license and obtain equitable monetary relief.

### FIRST CLAIM FOR RELIEF
**Violation of Plaintiff's Free Exercise of Religion Rights in Violation of 42 U.S.C. § 1983 (Against Defendants)**

46.   Ms. Jones refers to and hereby incorporates the foregoing paragraphs as though fully set forth herein.

47.   The Free Exercise Clause of the First Amendment to the U.S. Constitution provides, in relevant part, that "Congress shall make no law . . . prohibiting the free exercise" of religion.

48.   The Free Exercise Clause applies to the states and their subdivisions and municipalities through the Fourteenth Amendment to the U.S. Constitution.

49.   Congress has provided a vehicle for seeking relief from constitutional violations via 42 U.S.C. § 1983. Ms. Jones therefore brings this action pursuant to § 1983.

50.   The Free Exercise Clause protects against governmental hostility toward religion.

51.   The Free Exercise Clause also requires that the state be neutral on matters of religion.

52.   Licensure by the state of Idaho is required to enter the real estate salesperson profession.

53.   But in order to obtain such a state license, according to the process required by

Defendants here, applicants would have to forego their religious mandate to homeschool. In other words, Defendants have conditioned the receipt of a public benefit on the forgoing of religious convictions. To obtain a state license, applicants would have to forgo their religious mandate to homeschool.

54. Although a special consideration waiver was available to Ms. Jones and she requested that waiver, she was still denied.

55. Defendants have denied Ms. Jones a benefit she should have otherwise received if she had been educated in the public school system, and such denial was in violation of her family's sincerely held religious beliefs.

56. An individualized assessment of Ms. Jones was conducted by Defendants, thereby triggering strict scrutiny.

57. When laws or regulations are not neutral and generally applicable, and in particular whenever they treat any comparable secular activity more favorably than religious exercise, they trigger strict scrutiny under the Free Exercise Clause.

58. While there are citizens who homeschool for non-religious reasons, the government's actions here burden religious people and almost no others, favor secular conduct, and bar more religious conduct than necessary to achieve the government's interests.

59. Defendants have no compelling, substantial, or even legitimate interest in denying Ms. Jones a license based on her homeschool diploma because many other entities accept similar diplomas and transcripts.

### SECOND CLAIM FOR RELIEF
### Violation of Idaho Code § 73-402, Free Exercise of Religion Protected
### (Against Defendants)

60. Ms. Jones refers to and hereby incorporates the foregoing paragraphs as though fully set forth herein.

61.     Government action cannot substantially burden religious exercise unless it is in furtherance of a compelling interest and is the least restrictive means of furthering that interest.

62.     Ms. Jones completed a homeschool education consistent with the mandates of her religion, and in accordance with Idaho law.

63.     Defendant's unlawful denial of Ms. Jones' ability to hold a state license which she should be able to obtain pursuant to existing law, substantially burdens her fundamental right of religious exercise, particularly when state licensure is required for this profession.

64.     Defendant's actions of requiring real estate salesperson applicants to prove graduation from an accredited public school and not accepting documentation of a valid homeschool graduation do not further a compelling government interest, particularly when an applicant has successfully completed real estate specific coursework and examinations.

## PRAYER FOR RELIEF

Ms. Jones respectfully requests that this Court enter judgment against Defendants and provide the following relief:

ON ALL CAUSES OF ACTION:

65.     A declaratory judgment against all Defendants that denial of a real estate salesperson license because an applicant was homeschooled for religious reasons violates the Free Exercise Clause.

66.     An award of equitable monetary relief due to lost income, educational fees, and application fees.

67.     An award of attorney's fees, costs, and expenses against all Defendants pursuant to 42 U.S.C. § 1988 and Idaho Code § 73-402(4).

68.     A preliminary and permanent injunction against all Defendants from excluding Ms. Jones from otherwise available state license because she was religiously homeschooled; and

69. Such other and further relief as the Court may deem proper.

## JURY DEMAND

Ms. Jones demands a trial by jury with respect to all claims so triable.

Respectfully submitted this __24__ th day of October 2025,

                                                   /s/ Katherine Hartley
                                                 Katherine Hartley (SBN 11837)
                                                 PACIFIC JUSTICE INSTITUTE
                                                 P.O. Box 2131
                                                 Coeur d'Alene, ID 83816
                                                 khartley@pji.org

                                                 *Attorney for Plaintiff*

## VERIFICATION

I, Heather Jones, am the Plaintiff in the above-captioned matter. I have read the Verified Complaint and am familiar with same. The contents are true and accurate and known to me by personal knowledge except for those matters asserted on information and belief. As to those matters, I believe them to be true.

I declare under penalty of perjury, under the laws of the United States and the State of Idaho, that the foregoing is true and correct. Executed this __8__ day of October 2025, in the County of Kootenai, Idaho.

_____
Heather Jones, Plaintiff